
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.P. (a minor); ROBIN MAMMEN and LARRY MAMMEN individually and as Guardian Ad Litem for A.P.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY CARE LICENSING, et al.,<br><br>Defendants. | No.   13-cv-01588 JAM-AC<br><br>**ORDER GRANTING THE STATE DEFENDANTS' MOTION TO DISMISS AND SANCTIONING STATE DEFENDANTS' COUNSEL** |

Defendants Community Care Licensing ("CCL") and Michelle Wong ("Wong") (collectively "State Defendants") move to dismiss (Doc. ## 39, 40) all causes of action alleged against them in Plaintiffs' Second Amended Complaint ("SAC") (Doc. #35). Plaintiffs A.P., Larry Mammen, and Robin Mammen (collectively "Plaintiffs") oppose the motion (Doc. #41) and State Defendants' replied (Doc. # 45).[1]  For the reasons set forth below, the State

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 21, 2014.

1

Defendants' Motion to Dismiss is GRANTED.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs filed this action on August 1, 2013, against the State Defendants; the County of Sacramento ("County"), Stephanie Lynch, Luis Villa, Michelle Callejas, Debra Williams, Craig Larkin, Renae Rodocker (collectively the "County Defendants"); and Children's Law Center.  On November 18, 2013, pursuant to Court leave, Plaintiffs filed a First Amended Complaint (Doc. #17).

On March 14, 2014, pursuant to a stipulation, Plaintiffs filed a SAC, the operative complaint, alleging ten causes of action: (1) 42 U.S.C. § 1983 Monell Liability against the County Defendants; (2) 42 U.S.C. § 1983 Improper Training and Supervision against the County; (3) 42 U.S.C § 1983 violation of 14th Amendment against the County Defendants; (4) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, against the County and CCL; (5) Title II violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132,  against the County and CCL; (6) violation of the ADA Intimidation Clause against Stephanie Lynch and the County; (7) violations 42 U.S.C. § 1985(2)-(3) against the County and CCL; (8) Unruh Civil Rights Act violation against the County; (9) negligence against the County Defendants; and (10) intentional infliction of emotional distress against the County Defendants (Doc. #35).  On April 18, 2014, the State Defendants moved to dismiss the fourth, fifth, and seventh causes of action.

According to the allegations in the SAC, A.P. was removed

from his birth parents at a young age due to abuse and neglect. SAC ¶ 17.  On November 2, 2009, at age 3, A.P. was placed in the Mammen's home, a certified Foster home of the St. Francis Foster Family Agency.  Id. ¶¶ 27-28.  On or about November 17, 2009, the Juvenile Court suspended A.P.'s biological parents' rights and Ms. Mammen was appointed A.P.'s educational representative.  Id. ¶ 29.  Between November 2009 and August 2011, the Mammens sought and obtained medical evaluations and treatments for A.P.  Id. ¶ 30.  In 2009, A.P. was diagnosed with Autism and was later diagnosed with Sensory Integration Disorder, Moderate Intellectual Disability, and ADHD.  Id. ¶ 23.

On August 17, 2011, reunification services were terminated due to failures on the part of A.P.'s biological parents, and in September 2011, the Mammens sought to make A.P.'s home with them permanent.  Id. ¶ 29.  A.P.'s case was transferred to a different unit in the County, the adoptions unit.  Id. ¶ 41.  The County pursued institutionalization of A.P.  Id. ¶¶ 42-43.  On or about September 29, 2011, the Mammens filed a grievance with the Sacramento County disability compliance office alleging violations of the ADA and Olmstead v. L.C., 527 U.S. 581 (1999). Id. ¶ 45.  They filed an amended grievance on or about October 13, 2011.  Id. ¶ 46.  The same day, Defendant Stephanie Lynch emailed another County Defendant about her concern that the Mammens were "wrapping [A.P.] like a burrito."  Id. ¶ 47. Defendant Lynch contacted CCL to say "this cannot be done" and she stated that CCL confirmed that this was a personal rights violation.  Id.

On or about November 8, 2011, a CCL investigator visited the

1  Mammens to investigate the allegation they had received that the
2  "foster parent is violating the personal rights of foster child."
3  Id. ¶ 56.  The investigator presented findings that "the foster
4  parent admitted she used wrapping technique to calm her child."
5  Id.  Mrs. Mammen was cited under 22 California Code of Regulation
6  ("CCR") Section 89372 with a finding of a personal rights
7  violation of A.P.  Id.  This CCL violation was raised as a
8  concern in A.P.'s adoption process.  Id. ¶¶ 69-70.  This caused
9  delay in the adoption process.  Id.
10    Plaintiffs adopted A.P. on October 31, 2012.  Id. ¶ 17.

## II.   OPINION

### A.   Fourth and Fifth Causes of Action

State Defendants argue that the fourth cause of action for violation of Section 504 of the Rehabilitation Act and the fifth cause of action for violation of Title II of the ADA should be dismissed because Plaintiffs have failed to allege sufficient facts.  Plaintiffs argue that the State Defendants mischaracterize their claims and evidence.

Plaintiffs' fourth and fifth causes of action are separated into two claims: (1) discrimination under the ADA and Rehabilitation Act and (2) retaliation under the acts.  Both parties devote several pages to whether Plaintiffs were permitted to use the "wrapping technique" on A.P.  However, the Court need not address these specific arguments because they are not necessary for the determination of either claim.

#### 1.   Discrimination

Title II of the ADA prohibits a public entity from

4

discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To state a claim, a plaintiff must allege the following elements:

> (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of his disability.*

Weinreich, 114 F.3d at 978 (emphasis in original).  Similarly, under Section 504 of the Rehabilitation Act, a plaintiff must show: "(1) he is an 'individual with a disability'; (2) he is 'otherwise qualified' to receive the benefit; (3) he was denied the benefits of the program *solely by reason of his disability;* and (4) the program receives federal financial assistance."  Id. (citing 29 U.S.C. § 794) (emphasis in original).  Because Title II of the ADA was modeled on Section 504, "courts have applied the same analysis to claims brought under both statutes."  Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 n. 11 (9th Cir. 1999) (citations omitted).

    The State Defendants argue that they did not exclude A.P. or deny him a benefit because of his disability.  Plaintiffs argue that the ADA and Rehabilitation Act are not limited to exclusion and denial of benefits because the acts also prohibit discrimination.  According to Plaintiffs, "CCL discriminated against A.P. when it obstructed his access to services prescribed by professionals, collaborated with CCL [sic] against A.P.'s family to find an unfounded 'personal rights' violation and took

1  the position that A.P. should be denied a permanent home based
2  upon his disability." Opp. at 11.  Further, Plaintiffs argue
3  that the State Defendants knew about A.P.'s disability and their
4  conduct was based on his disability because they violated
5  <u>Olmstead</u> integration.  Opp. at 16-17.  In <u>Olmstead v. L.C. ex</u>
6  <u>rel. Zimring</u>, the Supreme Court held that "unjustified isolation"
7  in an institution can, in certain circumstances, be "properly
8  regarded as discrimination based on disability."  527 U.S. 581,
9  597 (1999).
10     However, as Defendants argue, there are no allegations
11 against the State Defendants for violation of <u>Olmstead</u>
12 integration in the SAC; all <u>Olmstead</u> allegations are against the
13 County Defendants.  <u>Compare</u> SAC ¶ 133 <u>with</u> SAC ¶¶ 134-135; <u>see</u>
14 <u>also</u> Reply at 9.  Nor have Plaintiffs alleged any other facts to
15 show that the State Defendants discriminated against A.P. "by
16 reason of his disability" or "solely by reason of his disability"
17 as required under the ADA and the Rehabilitation Act
18 respectively.
19     Because Plaintiffs have failed to properly allege that A.P.
20 was discriminated against by the State Defendants because of his
21 disability, the Court grants this motion to dismiss their fourth
22 and fifth causes of action for discrimination.  Plaintiffs may be
23 able to clarify their claim and allege the requisite facts;
24 therefore, the Court grants Plaintiffs leave to amend.
25          2.   <u>Retaliation</u>
26    The State Defendants also argue that Plaintiffs have only
27 alleged facts to support a claim for retaliation against the
28 County Defendants not them.  <u>See</u> Mot. at 15.  Plaintiffs,

disagree, arguing that they engaged in protected activity and the State Defendants retaliated by investigating and citing them.

An individual who advocated on behalf of a person with a disability has standing to assert a claim for retaliation under the Rehabilitation Act and Title II of the ADA. Barker v. Riverside Cnty. Office of Educ., 584 F.3d 821, 825-27 (9th Cir. 2009). "[T]o state a claim for retaliation, a plaintiff must show that he or she acted to protect his or her rights, that an adverse action thereafter was taken against him or her, and that a causal link exists between the two events." Smith v. Harrington, C 12-03533 LB, 2013 WL 132465, at *5 (N.D. Cal. Jan. 9, 2013) (citing Pardi v. Kaiser Foundation Hospitals, 389 F.3d 840, 849 (9th Cir. 2004)). The temporal proximity between protected activities and adverse acts sufficiently raises an inference of a causal link. Pardi, 389 F.3d at 850.

Here, Plaintiffs allege that on or about October 13, 2011, they filed an amended grievance alleging that the County violated the ADA and Olmstead. SAC ¶¶ 45-46, 131. The same day, the County informed CCL about the wrapping technique and then, the State instituted an investigation. Id. ¶¶ 47, 56. Plaintiff argues that the temporal proximity is sufficient to establish causation. However, based on these allegations, CCL conducted an investigation because of the County's communication not because of Plaintiffs' grievances. Moreover, CCL was statutorily required to make an onsite inspection of the home within 10 days after receiving a complaint. See Cal. Health and Saf. Code § 1538(a), (b), and (c). Therefore, even though there is temporal proximity, the allegations themselves negate the causal

1  link.

2  　　Accordingly, the Court grants the State Defendants' motion
3  to dismiss Plaintiffs' fourth and fifth causes of action for
4  retaliation.  The Court grants Plaintiffs leave to amend because
5  Plaintiffs' claim is not clearly futile.

6  　　B.   Seventh Cause of Action

7  　　State Defendants argue that Plaintiffs' seventh cause of
8  action for conspiracy under 42 U.S.C. § 1985 should be dismissed
9  for failure to state a claim and because they are immune from
10 suit under the Eleventh Amendment.  Plaintiffs concede that a
11 § 1985(3) claim cannot be maintained against the State of
12 California.  However, they argue that a § 1985(3) claim against
13 the individual defendant Wong can be maintained.  Plaintiffs also
14 request leave to amend as to Wong.  Opp. at 22.

15 　　As a preliminary matter, pursuant to the SAC, the seventh
16 cause of action is not alleged against Wong; Plaintiffs' claim is
17 against the County of Sacramento and CCL.  See SAC ¶¶ 151-156.
18 Nevertheless, the Court will address the State Defendants'
19 immunity argument to determine whether leave to amend is
20 appropriate.

21 　　"[A] State entity possesses Eleventh Amendment immunity from
22 individual suits arising under § 1985."  Wells v. Bd. of Trustees
23 of California State Univ., 393 F. Supp. 2d 990, 996 (N.D. Cal.
24 2005) (citing Austin v. State Indus. Ins. Sys., 939 F.2d 676 (9th
25 Cir.1991); Mitchell v. Los Angeles Cmty. College Dist., 861 F.2d
26 198, 201 (9th Cir. 1988)).  Individual defendants also enjoy
27 Eleventh Amendment immunity when they are sued in their official
28 capacities.  Mitchell, 861 F.2d at 201-02.  "Such suits 'are, in

8

1 essence, actions against the governmental entity of which the
2 officer is an agent.'" Id. (quoting Jackson v. Hayakawa, 682
3 F.2d 1344, 1350 (9th Cir. 1982)).  Plaintiffs rely on O.H. v.
4 Oakland Unified Sch. Dist., C-99-5123 JCS, 2000 WL 33376299 (N.D.
5 Cal. Apr. 17, 2000).  However, in O.H., the court made clear
6 "that the holding in this matter is limited to the specific facts
7 of this case: Plaintiff seeks to hold the individual defendants
8 liable in their individual capacities for conspiracy under
9 § 1985(3) and under § 1986." O.H., 2000 WL 33376299, at *8
10 (emphasis added).  Therefore, O.H. does not apply against
11 Defendant Wong in her official capacity.
12      Accordingly, the Court dismisses the seventh cause of action
13 based on Eleventh Amendment immunity without prejudice. Freeman
14 v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999)
15 (noting that "[t]he Eleventh Amendment is a limit on federal
16 courts' jurisdiction" and "[d]ismissals for lack of jurisdiction
17 'should be . . . without prejudice so that a plaintiff may
18 reassert his claims in a competent court.'")  Further, the Court
19 denies Plaintiffs' request for leave to amend this cause of
20 action against Defendant Wong in her official capacity for
21 damages.
22      C.   Defendant Wong
23      The State Defendants also argue that Defendant Wong should
24 be dismissed because Plaintiffs have failed to allege any causes
25 of action against her and she is erroneously listed as the
26 Director of CCL.  Mot. at 20.  Because Plaintiffs have not alleged
27 a claim against Defendant Wong, the Court dismisses her as a
28 defendant.  The Court, however, grants Plaintiffs leave to amend

9

their claims against Wong, except as discussed above, because the complaint may be saved by amendment.

### D. Page Limits Sanctions

Having reviewed the State Defendants' Reply (Doc. #45) to Plaintiffs' Opposition to the Motion to Dismiss, the Court finds that Counsel has failed to comply with the Court's Order on Page Limits (Doc. #4-2). Accordingly, the State Defendants' attorneys are ordered to pay a sanction in the amount of $150.00 ($50.00 per page for the three pages over the page limit) within ten (10) days of the date of this order.

## III. ORDER

For the reasons set forth above, the Court DISMISSES WITH LEAVE TO AMEND:

(1) Plaintiffs' fourth cause of action for discrimination and retaliation;

(2) Plaintiffs' fifth cause of action for discrimination and retaliation; and

(3) Plaintiffs' claims against Defendant Wong in her individual capacity.

The Court DISMISSES WITHOUT PREJUDICE but WITHOUT LEAVE TO AMEND in this action, Plaintiffs' seventh cause of action for violation of 42 U.S.C. § 1985 against CCL and Defendant Wong in her official capacity for damages.

State Defendants' attorneys are hereby ordered to pay $150 in sanctions within ten (10) days of the date of this order.

IT IS SO ORDERED.

Dated: June 6, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE