1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| A.P. (a minor); ROBIN MAMMEN and LARRY MAMMEN individually and as Guardian ad Litem for A.P., <br><br> Plaintiffs, <br><br> vs. <br><br> COMMUNITY CARE LICENSING, COUNTY OF SACRAMENTO, STEPHANIE LYNCH, LUIS VILLA; MICHELLE CALLEJAS, DEBRA WILLIAMS, CRAIG LARKIN, RENAE RODOCKER, <br><br> Defendants. | **Case No.: 2:13-cv-01588-JAM-AC** <br><br> **STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiffs A.P. (a minor), ROBIN MAMMEN and LARRY MAMMEN, and Defendants COUNTY OF SACRAMENTO, STEPHANIE LYNCH, LUIS VILLA, MICHELLE CALLEJAS, DEBRA WILLIAMS, CRAIG LARKIN, and RENAE RODOCKER (hereinafter "County Defendants"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which are subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principle.

2. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. Eastern District Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

3. DEFINITIONS:

    3.1 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    3.2 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    3.3 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    3.4 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    3.5 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    3.6 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record (and their support staffs).

    3.7 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    3.8 <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

    3.9 <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

  4. The information and materials eligible for protection under this order include, but are not limited to the confidential juvenile records relating to Plaintiff A.P., specifically those records maintained by Sacramento County Department of Health and Human Services, Child Protective Services, and the Sacramento County Juvenile Court.

  5. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

  6. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7. By designating documents as "confidential" under the terms of this Order, the Designating Party is certifying to the Court that there is a good faith basis in both law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

8. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated by affixing the legend "CONFIDENTIAL" to each page that contains protected material. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn stamped or affixed "CONFIDENTIAL."  The parties stipulate that Disclosure or Discovery Material already disclosed by the parties may be retroactively designated as "confidential" by a writing sent by the party making the designation which identifies the documents to be designated by Bates or other identifying numeric identifier.

9. Disclosure or Discovery Material designated "confidential" under this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action and for no other purpose.

10. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

11. A Receiving Party may use Protected Material, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part therefrom, that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 19, below.

12. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to counsel for a party, experts retained for consultation and/or trial, and the author or recipient of a document containing the information who otherwise possessed or knew the information. In the event that Protected Material is given to an expert or expert consultant, counsel that retained the expert shall provide a copy of this Order to the expert, explain that such person is bound to follow the terms of this Order, and require and receive an executed acknowledgment of the Order, attached hereto as Attachment A, by the expert prior to providing the records to any retained expert or expert consultant. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

13. The Protected Material produced pursuant to his Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including account numbers); (iv) driver's license numbers, and (v) in all circumstances when federal law and/or local rule requires redaction. Where possible, each redaction should be identified by showing what information has been redacted (e.g. "social security number," etc.).

14. The Parties agree that should they desire to file any Protected Material with the Court that they shall redact the confidential information and/or seek that it be sealed in compliance with the requirements of Eastern District Local Rule 141.

15. Nothing in this Order shall in any way limit or prevent Protected Material from being used in any deposition or other proceeding in this action. In the event that any Protected Material is used in any deposition or other proceeding in this action it shall not lose its confidential status through such use. If any Protected Material is used in a deposition then arrangements shall made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately. In the event that during a deposition, Protected Material is shown to any witness who did not previously have access to the Protected Materials, and is not currently or previously an officer, director, partner, member, employee or agent of an entity that has had access to the

Protected Materials, counsel disclosing said material shall provide a copy of this Order to the witness and require and receive an executed acknowledgment of the Order, attached hereto as Attachment A, by the witness prior to providing the records to the witness.

16. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

17. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

18. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute an acknowledgment of the Order, attached hereto as Attachment A.

19. This Order shall survive to the final termination of this action, including any and all appeals therefrom. After conclusion of said litigation, all documents and materials, in whatever form stored or reproduced, containing protected information will remain confidential. Unless otherwise agreed to or ordered by the Court, within ninety (90) days following the running of any applicable time to appeal any order or ruling entered in this action, attorneys for the Receiving Party shall either (i) return to the Producing Party all copies of all protected materials disclosed by them, or (ii) certify to the Producing Party that all such materials have been destroyed.

20. This Order may be changed only by the written agreement of the Parties or order of the Court, and is without prejudice to the rights of a party to seek relief from or variation of any of its provisions.

**IT IS SO STIPULATED.**

Dated:  February 12, 2016            **LONGYEAR, O'DEA & LAVRA, LLP**

By:   */S/ Amanda L McDermott*
      JOHN A. LAVRA
      AMANDA L. MCDERMOTT

Dated: February 12, 2016            **LEIGH LAW GROUP**

      */S/ Jay T. Jambeck*
By:   JAY T. JAMBECK
      MANDY G. LEIGH

**IT IS SO ORDERED.**

DATED:  February 16, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT A
TO STIPULATED PROTECTIVE ORDER

**AGREEMENT CONCERNING CONFIDENTIALITY**

The undersigned has read the foregoing Stipulated Protective Order ("Protective Order") signed by the Parties thereto and entered by this Court in *Mammen, et. al. v. County of Sacramento, et. al.*, Case No. 2:13-cv-01588-JAM-AC, in the United States District Court for the Eastern District of California. I hereby acknowledge that I am about to receive Confidential Information. I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of, and have read, the Protective Order and agree to be bound by its terms. I agree to submit to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of the Protective Order.

_____            _____
Date                                                                  Name (Print or Type)

                                                                              _____
                                                                              Signature

                                                                              _____
                                                                              Company (if applicable)