UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.P. (a minor); ROBIN MAMMEN and LARRY MAMMEN individually and as Guardian ad Litem for A.P.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY CARE LICENSING, COUNTY OF SACRAMENTO, STEPHANIE LYNCH, LUIS VILLA; MICHELLE CALLEJAS, DEBRA WILLIAMS, CRAIG LARKIN, RENAE RODOCKER,<br><br>Defendants. | Case No. 2:13-cv-01588 JAM-AC<br><br>**AMENDED PRETRIAL**<br>**CONFERENCE ORDER** |

Pursuant to court order, a Pretrial Conference was held on April 13, 2018 before Judge John Mendez. Jay T. Jambeck appeared as counsel for plaintiffs; Amanda L. McDermott appeared as counsel for defendants. After hearing and submission of additional papers by the parties, the Court makes the following amended findings and orders:

## I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1341, and has previously been found to be proper by order of this court, as has venue. Those orders are confirmed.

## II. JURY/NON-JURY

Both parties have demanded a jury trial.

## III. STATEMENT TO BE READ TO JURY

Seven (7) days prior to trial the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

## IV. UNDISPUTED FACTS

1.    Anthony is an individual with a disability.

2.    Anthony has been diagnosed with autistic disorder and mental retardation.

3.    The time period at issue begins in September of 2011.

4.    Anthony was four years old in September of 2011.

5.    In 2009, Anthony was adjudged a dependent of Sacramento County.

6.    As a dependent minor, the Sacramento County Department of Health and Human Services through the Child Protective Services (CPS) division was responsible for determining a plan for permanent placement of Anthony and was responsible for his care, safety, and well-being.

7.    In November of 2009, Anthony was placed with the Mammen family.

8.    Anthony began occupation therapy with Candice Hawkins in April of 2011.

9.    Sometime in late August or early September of 2011, Anthony's dependency case transferred to the CPS Adoptions Unit.

10.    Anthony's dependency case was in the CPS Adoptions Unit during the time period at issue.

11.    During the relevant period, Renae Rodocker was a social

worker in the CPS Adoptions Unit.

12.   On or around September 8, 2011, Renae Rodocker was assigned to Anthony's dependency case.

13.   During the relevant period, Debra Williams was a Supervisor in the CPS Adoptions Unit and acted as a Supervisor to Renae Rodocker.

14.   During the relevant period, Stephanie Lynch was a Program Manager at CPS, wherein she oversaw the Adoptions Unit.

15.   During the relevant period, Luis Villa was a Division Manager at CPS, wherein he oversaw the Adoptions Unit.

16.   On or around October 31, 2012, Anthony's adoption by Robin and Larry Mammen was finalized. As of that date, he was no longer a dependent of Sacramento County.

17.   County employees were at all times acting under color of law.

V.   <u>DISPUTED FACTUAL ISSUES</u>

**A.   <u>Plaintiffs' Disputed Issues of Fact</u>:**

1.   Whether A.P.'s disabling condition was ameliorated by the wrapping intervention and the other interventions on the sensory diet.

2.   Whether the County denied other therapeutic interventions to A.P.

3.   Whether the County employees retaliated against A.P. and Larry and Robin Mammen.

4.   Whether A.P. was a safety risk when appropriate interventions were not provided to him.

5.   Whether A.P. suffered physical and emotional harm as a result of the failure to allow recommended interventions.

6.　Whether Larry and Robin Mammen suffered emotional harm as a result of the retaliation by County employees

7.　Whether individual Defendants were deliberately indifferent to the self-harm that A.P. inflicts without appropriate sensory interventions.

8.　Whether the County intervened in the provision of A.P.'s OT services without due consideration or an adequate assessment of the nature of the therapeutic techniques, their objective and purpose, and the safety risks.

9.　Whether the County characterized the technique as abuse without sufficient basis.

10.　Whether the County characterized the technique as neglect without sufficient basis.

11.　Whether the County and/or its employees violated the following statutes:

a.　42 U.S.C. § 1983;

b.　42 U.S.C. § Section 12203(b);

c.　California Government Code Section 815.2.

**B.　Defendants' Disputed Issues of Fact:**

1.　Whether Renae Rodocker, Debra Williams, Stephanie Lynch, or some other County employee instructed Robin and Larry Mammen to cease any and all wrapping or restraining of A.P., and when that instruction occurred.

2.　Whether the County stated at a juvenile court hearing, attended by Robin Mammen and her counsel, on October 6, 2011, that the only limitation placed on A.P.'s sensory diet by CPS was as to the use of the wrapping technique.

3.　Whether Renae Rodocker, Debra Williams, or Stephanie

Lynch instructed Robin or Larry Mammen not to use any of the sensory diet techniques.

4.   Whether Renae Rodocker, Debra Williams, or Stephanie Lynch prevented A.P. from access to treatment modalities other than those on the sensory diet.

5.   Whether A.P. faced a substantial risk of harm if not able to use the sensory diet techniques other than the wrapping technique.

6.   Whether Renae Rodocker, Debra Williams, or Stephanie Lynch knew that A.P. faced a substantial risk of harm if not able to use the sensory diet techniques other than the wrapping technique.

7.   Whether Renae Rodocker, Debra Williams, or Stephanie Lynch were deliberately indifferent to a substantial risk of harm faced by A.P. if not able to use the sensory diet techniques other than the wrapping technique.

8.   Whether Renae Rodocker, Debra Williams, or Stephanie Lynch knew that A.P. faced a substantial risk of harm if not able to use treatment modalities other than those on the sensory diet.

9.   Whether Renae Rodocker, Debra Williams, or Stephanie Lynch were deliberately indifferent to a substantial risk of harm faced by A.P. if not able to use treatment modalities other than those on the sensory diet.

10.   Whether A.P. was harmed because he was not able to use the sensory diet techniques other than the wrapping technique.

11.   The period of time, if any, for which A.P. was prevented from using the sensory diet techniques other than the wrapping technique.

12. Whether A.P. was harmed because he was not able to use other treatment modalities recommended by his occupational therapist.

13. The period of time, if any, for which A.P. was prevented from using other treatment modalities recommended by his occupational therapist.

14. Whether the County incorporates the provisions of the California Department of Social Services ("DSS") Manuals into its own policies and procedures and requires its social workers to follow the provisions of those manuals.

15. Whether the policies, procedures, and practices, of the County of Sacramento prohibit use of any kind of restraint, holding, or wrapping technique on a dependent minor.

16. Whether Renae Rodocker, Debra Williams, or Stephanie Lynch investigated the techniques and protocols in the sensory diet.

17. Whether Renae Rodocker, Debra Williams, Stephanie Lynch, or Luis Villa were negligent, and whether that negligence resulted in harm to A.P.

18. Whether Renae Rodocker, Debra Williams, Stephanie Lynch, or Luis Villa are entitled to discretionary immunity.

19. Whether any County employee coerced, intimidated, threatened, or interfered with Robin or Larry Mammen in their exercise of any ADA protected activity.

20. Whether Robin or Larry Mammen were harmed or injured by any coercion, intimidation, threats, or interference by any County employee.

21. Whether the State of California Community Care Licensing

division issued a citation to the Mammens for violating A.P.'s personal rights based on their use of the wrapping technique on A.P.

22. Whether the Mammens verbally agreed to cease use of the wrapping technique on A.P.

23. Whether the County determined that the verbal agreement made by the Mammens that they would not utilize the wrapping technique on A.P. was sufficient to no longer require a signed Corrective Action Plan.

24. Whether County policies and state regulations require the reporting of possible violations of state regulations to the State of California Community Care Licensing division.

25. Whether A.P. is entitled to an award of punitive damages against Renae Rodocker, Debra Williams, Stephanie Lynch, or Luis Villa.

26. Whether A.P. is entitled to compensatory damages.

27. Whether Robin or Larry Mammen are entitled to compensatory damages.

## VI. DISPUTED EVIDENTIARY ISSUES

1. Plaintiff disputes the relevance or admissibility of testimony by Defendant's expert witness and may file a motion in limine as to that issue.

2. Plaintiff disputes the relevance or admissibility of any allegations that the Mammens are using any of their children for money or "selling diapers" as claimed by CPS and anticipates filing a motion in limine in that regard.

///

///

Defendants anticipate motions in limine on the following subjects:

1. The relevancy and/or admissibility of the Disability Compliance Office report and their findings and conclusions.

2. Testimony by Robin and/or Larry Mammen regarding the proximate cause of any emotional distress or physical injury suffered by A.P.

3. Evidence and/or argument that the County of Sacramento may indemnify individual defendants.

4. Evidence and/or argument that the County of Sacramento and/or any of its employees violated A.P.'s constitutional or statutory rights in preventing the use of the wrapping technique on A.P. as that issue was already determined as a matter of law on summary judgment.

5. Evidence and/or argument that pertain to the dismissed claims for relief for ADA Discrimination or violations of the Rehabilitation Act or the Unruh Act.

6. Evidence and/or argument regarding compensatory damages suffered by Robin or Larry Mammen.

7. Evidence and/or argument regarding physical injury and/or emotional distress suffered by A.P.

8. Evidence and/or argument that A.P.'s disability, condition, or behaviors were improved by use of the wrapping technique, the other techniques/protocols on the sensory diet, or other treatments allegedly prevented or delayed by CPS.

9. Evidence and/or argument that A.P.'s disability, condition, or behaviors regressed or worsened by not having use of the wrapping technique, the other techniques/protocols on the

sensory diet, or other treatments allegedly prevented or delayed by CPS.

## VII. RELIEF SOUGHT

Plaintiff A.P. seeks general damages. Plaintiffs Larry and Robin Mammen seek general damages for retaliation. Plaintiff also seeks punitive damages.

Defendants seek judgment in their favor, as well as fees and costs.

## VIII. POINTS OF LAW

Trial briefs may be E-filed with the court no later than May 14, 2018. Any points of law not previously argued to the Court should be briefed in the trial briefs.

## IX. ABANDONED ISSUES

In addition to the claims that were dismissed by the Court in its ruling on summary judgment (ECF No. 101), plaintiffs also abandon the Monell liability cause of action (First claim). Defendants have not abandoned any affirmative defenses.

## X. WITNESSES

Plaintiffs anticipate calling the following witnesses:

1. Robbin Mammen
2. Larry Mammen
3. Dr. Anubha Khanna
4. Dr. Ashutosh Raina
5. Dr. Paula Solomon
6. Denise Henderson
7. Cheryl Bennett
8. Candice Hawkins
9. Renae Rodocker

10. Jeanine Lopez

11. Tim Foley

12. Dr. Jessica Litwin

13. Dr. Mark Foster

14. Dr. Elysa Marcos

Defendants anticipate calling the following witnesses:

**Non-expert Witnesses**:

1. Renae Rodocker

2. Debra Williams

3. Stephanie Lynch

4. Luis Villa

5. Jeannine Lopez

6. Michelle Callejas

7. Joseph Sison, M.D.

8. Candice Hawkins

9. Jennifer Bloom

10. Dana Peters

11. Reynaldo Carboni

12. Leon Geoff ("Jeff") Wells

13. Jason Lindo

14. Dana Sarmiento

**Expert Witnesses**:

1. Sharrell Blakeley

2. Renae Rodocker

3. Debra Williams

4. Stephanie Lynch

5. Luis Villa

Each party may call a witness designated by the other.

A.   No other witnesses will be permitted to testify unless:

(1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

(1)   The witnesses could not reasonably have been discovered prior to Pretrial;

(2)   The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3)   If time permitted, counsel proffered the witnesses for deposition;

(4)   If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

XI.  EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiffs intend to introduce the following exhibits:

1.   Confidential Investigation Report and attachments dated 2/28/12;

2.   Occupational Therapy Initial Evaluation;

3.   Child and Adolescent Psychiatric Services Clinic Short Term Assessment dated September 2011;

4.   Selection and Implementation Report dated 12/15/11;

5. Letter from Dr. Anubha Khanna dated September 1, 2011;

6. Amended ADA Grievance dated September 4, 2011;

7. Sensory diet letter dated September 12, 2011;

8. Email from Robin Mammen dated September 12, 2011;

9. Letter from Dr. Anubha Khanna dated September 13, 2011;

10. Letter from Dr. Ashutosh Raina dated September 14, 2011;

11. Corrective Action plan dated February 2012;

12. Email dated October 13, 2011 from Stephanie Lynch;

13. Email from Rodocker dated November 2, 2011;

14. Email from Rodocker dated February 28, 2012;

15. ADA Grievance Sign-in Sheet dated November 15, 2011;

16. Letter from Luis Villa dated November 22, 2011;

17. Email from Luis Villa dated December 9, 2011;

18. Email from Robin Mammen dated December 2, 2011;

19. CPS Log note 9/19/2011;

20. CPS log note 10/7/2011;

21. Deep Pressure Proprioceptive Technique;

22. Report of Dr. Paula Solomon;

23. Email from Laura Dunkleberger dated September 12, 2011;

24. Email from Robin Mammen Dated September 19, 2011;

25. Email from Laura Dunkleberger dated September 22, 2011;

26. Email from Robin Mammen dated September 22, 2011;

27. Email from Robin Mammen dated September 28, 2011;

28. Email from Debra Williams dated September 14, 2011;

29. Email from Rodocker dated September 19, 2011;

30. A day in the life of A.P.;

31. Email from Lopez dated September 22, 2011;

32. Email from Denise Henderson dated September 22, 2011;

33. Email from Jennine Lopez dated October 12, 2011;

34. Email from Henderson dated November 6, 2011;

35. Email from Rodocker dated November 9, 2011;

36. Email thread dated November 10, 2011 re: proprioceptive input summary;

37. Email from Bennett dated November 10, 2011 and attachment;

38. Email from Williams dated November 16, 2011;

39. Email thread dated December 2, 2011 re: A.P.;

40. Email from Robin Mammen dated December 29, 2011;

41. Email from Robin Mammen dated December 30, 2011;

42. Email thread from Stephanie Lynch dated January 5, 2012;

43. Email from Robin Mammen dated January 26, 2012;

44. Email from Robin Mammen dated February 14, 2012;

45. Email from Henderson dated March 27, 2012;

46. Rebuttal exhibits; and

47. Impeachment exhibits.

Defendants intend to introduce the following exhibits:

A.    CPS Delivered Service Logs 2/26/09 – 10/13/12 [COS 2141-2291];

B.    Sensory Diet dated 9/12/11 [COS 1926-28];

C.    Juvenile Court transcript dated 10/6/2011 [COS 4924-39];

D.    Juvenile Court transcript dated 10/27/2011 [COS 4940-55];

E.    Initial Assessment Evaluation by OT Hawkins [PLTF 65-69];

F.    Progress Report by OT Hawkins dated 7/18/11 [Hawkins Ex 3];

G.    OT Progress Report dated 10/21/11 [Hawkins Ex 12];

///

H.   Correspondence from Candice Hawkins dated 10/28/11 [Hawkins Ex 5];

I.   Correspondence between Hawkins and Rodocker in Nov. 2011 [COS 3577-80];

J.   OT Progress Report dated 1/6/12 [COS 3910-12];

K.   Sensory Diet dated November 14, 2011 [Hawkins Ex 12];

L.   OT Progress Report dated 1/8/14 [Hawkins Ex 12];

M.   CCL Investigation Report [COS 2056-57];

N.   Correspondence by Luis Villa 11/22/11 [PLTF 96-97];

O.   Corrective Action Plan dated 2/17/12 [COS 982-983];

P.   Corrective Action Plan dated 3/1/12 [COS 970];

Q.   Joseph Sison email to Luis Villa dated 4/10/12 [COS 2049];

R.   CPS Division Wide Social Worker Standards [COS 1865-67];

S.   Adoptions Social Worker Standards [COS 1902-07];

T.   Emergency Response Social Worker Standards [COS 1868-76];

U.   CPS Handbook 405-1 Legal Mandates [COS 4741-45];

V.   CPS Handbook 405-2 Assessing the Child and Determining the Necessary Level [COS 4751-61];

W.   CPS Handbook 405-7 Multi-Ethnic Placement Act (MEPA-IEP) [COS 4769-71];

X.   CPS Handbook 405-8 Identifying and Reporting Concerns in Out of Home Placement [COS 4772-75];

Y.   CPS Handbook 425-1.1 Disclosure of Child's Medical and Psychosocial [COS 4839-45];

Z.   CPS Handbook 420-9 Assessing FCL Regulations [COS 4956-64];

AA.  Unconventional Treatments Memo [COS 4965-66];

BB.  Mental Health Practice Guidelines Memo [COS 4967-68];

CC.  Mental Health Practice Guidelines [COS 4969-70];

DD.  Division 31 Sections 300-400 [COS 4876-4923];

EE.  ER Referral 9/9/11 [COS 2130-34];

FF.  Email from Mammen to Rodocker re Rx change 9/14/11 [COS 1932];

GG.  AP Medical Records re: approval of Rx change (Lexipro) [PLTF 568];

HH.  Application regarding Rx [COS 1130-37];

II.  Juvenile Court Order re Rx [COS 1125-26];

JJ.  Elk Grove Unified IEP Team Amendments Page dated 10/21/11 [COS 3024];

KK.  Email Correspondence between Alta and Rodocker re ISIS request for cuddle swing dated 1/4/12 [COS 3914];

LL.  ISIS Healthcare Request to Alta Regional for Cuddle Swing dated 12/29/11 [COS 3913];

MM.  Email correspondence between Robin Mammen, Renae Rodocker, and the Kendall School re use of physical prompts dated 2/22/12 - 3/1/12 [COS 4114-18];

NN.  Email re CCL approval of physical prompts dated 3/1/12 [COS 4113];

OO.  Email correspondence re approval of physical prompts dated 3-1-2012 [COS 2949];

PP.  Email re finalization of Jasmine's adoption dated 3/20/12 [COS 4180];

QQ.  Email correspondence re request for vest dated 4/17-19/12 [COS 4317-18];

RR.  Email correspondence re vest dated 4/25/12 [COS 4319];

SS. ISIS request for vest dated 5/2/12 [COS 4322-23];

TT. Email correspondence with CCL re vest dated 5/17-18/12 [COS 4362];

UU. Email between Robin Mammen and Renae Rodocker dated 5/31/12 [COS 4373];

VV. California Department of Social Services, Community Care Licensing Division, Manual of Policies and Procedures, Title 22, Div. 6, Ch. 9.5 - Foster Family Homes, Art. 4 - Placement, § 89475.2 - Postural Supports and Protective Devices, pp. 141-143;

WW. FFA Service Log dated 9/12/11 [COS 3061-63];

XX. FFA Service Log dated 10/12/11 [COS 3432-35];

YY. FFA Service Log dated 11/10/11 [COS 3588-91];

ZZ. FFA Service Log dated 12/11/11 [COS 3681-85];

AAA. FFA Service Log dated 1/11/12 [COS 3987-90];

BBB. FFA Service Log dated 2/12/12 [COS 4233-36];

CCC. FFA Service Log dated 3/12/12 [COS 4238-41];

DDD. FFA Service Log dated 4/12/12 [COS 4306-09];

EEE. FFA Service Log dated 5/11/12 [COS 4358-61];

FFF. FFA Service Log dated 6/11/12 [COS 4396-99];

GGG. FFA Service Log dated 7/12/12 [COS 4442-45];

HHH. FFA Service Log dated 9/11/12 [COS 4490-93]; and

III. FFA Service Log dated 10/11/12 [COS 4525-28]

Each party may use an exhibit designated by the other.

A. No other exhibits will be permitted to be introduced unless:

(1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)  The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

B.   Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

(1)  The exhibits could not reasonably have been discovered prior to Pretrial;

(2)  The court and counsel were promptly informed of their existence;

(3)  Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial. Each party is then granted five (5) days to file and serve objections to any of the exhibits.  In making the objection, the party is to set forth the grounds for the objection.  The parties shall pre-mark their respective exhibits in accord with the Court's Pretrial Order.  Exhibit stickers may be obtained through the Clerk's Office.  An original and one (1) copy of the exhibits shall be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon.  Mr. Vine can be contacted at (916) 930-4091 or via e-mail

at: hvine@caed.uscourts.gov.  As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

XII. <u>DISCOVERY DOCUMENTS</u>

None.

XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  The parties are free to do anything they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this court.

XIV. <u>STIPULATIONS</u>

None.

XV. <u>AMENDMENTS/DISMISSALS</u>

None.

XVI. <u>FURTHER TRIAL PREPARATION</u>

A.   Counsel are directed to Local Rule 285 regarding the contents of trial briefs.  Such briefs should be E-filed on or before May 14, 2018.

B.   Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged via ECF with the court clerk on or before May 14, 2018, and shall be identified as the "Jury Instructions Without Objection."  As to instructions as to which there is dispute the parties shall submit the instruction(s) via ECF as its package of proposed jury instructions on or before May

18, 2018.  This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be clearly identified as "Disputed Jury Instructions" on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word format to the Court's Judicial Assistant, Jane Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

C.  It is the duty of counsel to ensure that a hard copy of any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j).  The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

D.  The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

E.  The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories and/or Requests for Admission which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

F.  Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury

selection.  Proposed voir dire should be submitted via ECF one (1) week prior to trial.

    G.    Each party may submit a proposed verdict form that the party would like the Court to use in this case.  Proposed verdict forms should be submitted via ECF one (1) week prior to trial.

    H.    In limine motions shall be E-filed separately on or before May 11, 2018.  Opposition briefs shall be E-filed on or before May 16, 2018.  No reply briefs may be filed.

### XVII. <u>SETTLEMENT NEGOTIATIONS</u>

    A formal Settlement Conference before Magistrate Judge Allison Claire is set for May 3, 2018 at 9:00 a.m. in Courtroom 26.  Each party is reminded of the requirement that it be represented in person at the settlement conference by a person with full settlement authority.  See Local Rule 270.  At least seven (7) days prior to the conference, the parties are directed to submit confidential settlement conference statements to chambers via email (acorders@caed.uscourts.gov).  Such statements shall not be filed with the Clerk: however, each party shall e-file a one page document entitled Notice of Submission of Confidential Settlement Conference Statement.  The parties may agree, or not, to serve each other.

### XVIII. <u>AGREED STATEMENTS</u>

    See paragraph III, *supra*.

### XIX. <u>SEPARATE TRIAL OF ISSUES</u>

    None.

### XX. <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

    None.

///

## XXI. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

## XXII. MISCELLANEOUS

None.

## XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate six (6) to seven (7) court days for trial. Trial will commence on or about May 21, 2018, at 9:00 a.m.

Counsel are to call Harry Vine, Courtroom Deputy, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

DATED: April 24, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE